## EUNICE KNEELAND *versus* TIMOTHY FULLER.

If a husband pay money belonging to his wife, with her consent, in part fulfilment of a contract for the purchase of real estate, under an existing written contract, she cannot maintain an action to recover back the money so paid; nor, although by such payment the contract is fulfilled on the part of the husband, and the other party refuses to convey.

If a parol contract for the purchase of real estate is made and fulfilled on the part of the purchaser, and the seller is ready to perform the agreement on his part, no action can be maintained to recover back the purchase money.

But, if the vendor refuses to perform the contract on his part, the party performing, not being in default, can recover back all payments which have been made.

If the parties to a contract deliver and receive goods as money, the Court will treat them in the same manner.

ON REPORT from *Nisi Prius*, KENT, J., presiding.

*B. H. Mace*, for plaintiff.

*J. A. Peters*, for defendant.

The case is stated in the opinion of the Court, which was drawn up by

APPLETON, C. J.—The plaintiff is a married woman. Prior to her intermarriage with her present husband, he had bargained with one Jones for the purchase of a lot of land upon which he was then living. The contract was in writing, but, not having been produced, we are left in ignorance of its terms. The title to the land to which the contract relates passed from Jones to one Miller, and from him to the defendant,—but it is left uncertain whether the defendant owns the whole estate or only an undivided portion of the same. It seems that the validity of this contract has been recognized by the successive owners of the land in question, and that it still remains in full force. The plaintiff's husband, with her consent, has appropriated her funds towards the payment of the land thus contracted to be sold.

If the payments thus made by the husband with the funds of the plaintiff, and with her consent, were in part fulfilment of his contract, and the amount therein stipulated to be paid has *not* been paid, the plaintiff cannot maintain this action. Where there is a contract for the conveyance of land on the payment of a certain sum, and a part only of this sum is paid, the party making such payment cannot recover it back, the contract upon which it was paid remaining in full force. *Rounds* v. *Baxter*, 4 Maine, 454 ; *Weymouth* v. *McLellan*, 14 Maine, 214. The plaintiff's husband, if he had paid his own money under such circumstances, could not have recovered it back. The wife is in no better situation, the appropriation of her funds having been made with her consent.

If the contract has been performed on the part of the husband, though the payments thereon were made with the funds of the wife, if made with her consent, and received in

payment of his contract, she can maintain no suit therefor, if the contract was a valid one. The remedy is to be sought for in a suit upon the contract and for its violation, or by proceedings in equity, in which the rights of the wife will receive due protection.

But the plaintiff rests her claim upon other grounds. She testifies that the payments made were with her funds; that the last payment was made upon the statement of the defendant that it was to be received as money, and in full payment of all that was due, and with his promise that upon receiving such payment he would make and execute a deed to her of the land thus paid for with her funds; — that after she had paid the amount thus agreed upon, she demanded her deed, which he declined giving, and claimed, in violation of his promise, to appropriate her funds so received to the liquidation of the prior outstanding debts of her husband. But this he had no right to do.

A verbal agreement for the sale and conveyance of land is void by the statute of frauds. If a parol contract is made and fulfilled on the part of the purchaser, and the seller is ready and willing to perform this agreement on his part, no action can be maintained to recover back payments thus made. *Richards* v. *Allen*, 17 Maine, 296; *Conglin* v. *Knowles*, 7 Met., 57; *King* v. *Welcome*, 5 Gray, 41. But, if the vendor refuses to perform the contract on his part, the party performing, not being in default, can recover back all payments which may have been made. *Richards* v. *Allen*, above cited; *Thompson* v. *Gould*, 20 Pick., 134; *King* v. *Brown*, 2 Hill, 485. If, then, the defendant has agreed to convey to the plaintiff, upon payment by her therefor, certain lands, and he has refused upon and after such payment to convey, he is legally liable.

The payments made by the plaintiff were in part by a pair of steers and one cow, which were delivered and received as and for the sum of one hundred dollars. The declaration contains the usual money counts, as well as an account annexed in which the oxen are charged the defend-

ant. The parties treating the oxen as money, the Court will so recognize them and their agreed price may be recovered on the money counts. *Ainslie* v. *Wilson,* 7 Cowan, 662 ; *Hall* v. *Huckins*, 41 Maine, 574. So, when goods are received under a special contract, which the party receiving refuses to perform, the party so delivering the goods may, it would seem, elect to consider the contract as rescinded, and recover in an action for goods sold and delivered. *Gary* v. *Hill*, 11 Johns., 441 ; *Burlingame* v. *Burlingame*, 7 Cowan, 92.

By the agreement of parties *the case is to stand for trial.*

CUTTING, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.