Parker v. Marquis.

64    38
41a  155
41a  290
64    38
,129  325
64    38
83a  401
64    38
95a  ³401
99a  ¹ 56

A. H. PARKER, Appellant, *vs.* CHAS. MARQUIS, Respondent.

1. *Contract—Fraud—Election of party to rescind or stand by and sue for damages.*—A party defrauded in a contract may stand by it, even after he discovers the fraud, and recover damages resulting from the fraud, or he may rescind the contract and recover back what he has paid or sold.

2. *Contract, executory—Performance of after discovery of fraud—Recovery of damages.*—Where a party has been defrauded by another in making an executory contract, a performance of it on his part, with a knowledge acquired subsequently to the making, and previous to the performance, will not bar him of any remedy for the recovery of damage.

3. *Contract—Fraudulent concealment—Measure of damages.*—Where as compensation for feeding and caring for certain sheep for a year, the keeper was to receive part of the wool and increase, and the fact was fraudulently concealed from him that a portion of the sheep were diseased, he was held entitled as damages to the cost in time and expense of caring for them, including that superinduced by the disease, less his profits under the contract.

4. *Damages—Fraudulent misrepresentations—Must have effect of deceiving, when.*—To authorize damages growing out of fraudulent misrepresentations, it must appear, not only that they were designed to deceive, but, that they did in fact have that effect, and induced the party to act.

5. *Practice, civil—Instructions—Evidence.*—An instruction not founded on the pleadings and the evidence, is improper.

*Appeal from Jasper County Common Pleas Court.*

' *Lay & Belch*, for Appellant.

I. The first count setting up a counter-claim in the answer is fatally defective in not averring an offer to return the property on discovery of the fraud. (1 Chit. Cont. [5 ed.], p. 658 ; Stearns vs. McCulloch, 18 Mo. 411 ; Johnson vs. Meyer's Ex'r, 34 Mo. 255.) It is also defective in that it does not allege that the disease was not perceptible on the sheep. (Stewart vs. Dugan, 4 Mo. 245 ; Benj. Sales, 457.)

II. The second counter-claim is defective in that it does not state that the defendant relied on the representations made by the plaintiff.

III. The instructions asked by the plaintiff should have been given. The contract sued on, and the pleadings themselves, show the existence of the facts on which they are predicated. Their refusal simply allows the defendant to reap all the benefits and to bear none of the burdens of the contract.

IV. The third instruction given for defendant is erroneous. By the terms of the contract sued on defendant was bound to care for and feed the sheep. If he could recover at all, it would only be for such care and attention as were made necessary by the disease, over and above the ordinary care and attention.

V. The fourth instruction given for defendant is erroneous. To make a representation ground for action of deceit or fraud, it must have been known to be false, and have been made with intent to deceive and defraud. (Joliffe vs. Collins, 21 Mo. 338 ; Peers vs. Davis' Adm'rs, 29 Mo. 184.)

*E. J. Montague*, for Respondent.

I. The matter set up as counter-claim was proper. (2 Wagn. Stat. p. 1016, § 13 ; Empire Trans. Co. vs. Boggiano, 52 Mo. 294.)

II. Fraud in the transaction, which is the subject of the suit, may be the subject of counter-claim. (Wat. Set-off, Rec. Count. 623, § 612, 2d ed.)

III. It was not necessary that defendant return the sheep, upon discovery of the fraud, to enable him to interpose his defense when sued on the contract. (Wat. Set-off, etc., §§ 493, 495 ; Sedg. Dam. top p. 312, side p. 296, 3d ed. ; Whitney vs. Allaire, 4 Denio, 554.)

IV. The measure of damages as declared by the court below was proper. Damages are the natural and proximate results of the injuries complained of. (Sedg. Dam., 3d ed., top 64, 65, side p. 66, 67.) Time employed and expense incurred in feeding and doctoring the sheep were the natural results of the fraud practiced upon the defendant, and were proper subjects for consideration by the jury in estimating defendant's damage. (Sedg. Dam., 3d ed., pp. 74, 75, 76, 77.)

NORTON, Judge, delivered the opinion of the court.

Plaintiff's action is founded on a written contract in which plaintiff agreed "to furnish defendant with 1134 sheep for one year in good fix," and to bear half the loss of said sheep from

death; the defendant on his part agreeing to take, feed, and care for said sheep for one year, and bear half the loss of the sheep, and to have for his pay one-half the wool and one-half the lambs.

In his petition-plaintiff alleged that defendant at the end of the year did not return to him 1134 sheep received by him under the contract, but only returned seven hundred; that defendant did not return to him one-half the lambs, and that he failed to deliver to plaintiff one-half the wool produced from said sheep, by reason whereof he claims the sum of $2,200.

The answer of defendant admits the contract and the receipt of 1134 sheep under it, and after denying all the allegations of the petition, relating to breaches of the contract, sets up in his answer, by way of counter-claim, that the sheep, at the time they were delivered to him, were not in good fix, but were afflicted with a disease known as "scab;" that plaintiff knew they were thus diseased, and concealed the fact from defendant; that 206 of them died from the effects of the disease, and that defendant was subjected to great expense in feeding and doctoring said sheep, and that by reason of the fraud of plaintiff he was damaged in the sum of $500.

For a further counter-claim the answer charged that at and before the time of entering into said contract, plaintiff, for the purpose of inducing defendant to enter into it, represented and assured him that the ewes among said sheep would not have lambs until March 1869; that such representations were false and fraudulent, and made for the purpose of cheating and defrauding defendant; that all of the lambs that were born of said ewes came in December and February preceding March, 1869, and died in consequence thereof, by which he sustained damages in the sum of $500.

Plaintiff, by replication, denied the allegations of the answer, and on a trial, verdict and judgment for $500 were rendered for defendant, from which plaintiff has appealed to this court.

On the trial of the cause defendant offered evidence tending to show that he had been damaged in expenses of time and money in feeding and doctoring said sheep, and also time in caring for them, and expense of feed. Plaintiff objected to the evidence on

the ground that the measure of damages sought to be established by it, was not a proper one, it not having been shown that defendant offered to return the sheep on the discovery of the fraud.

The action of the court, in overruling the objection, is assigned here for error.

A party defrauded in a contract has his election of remedies. He may stand to the bargain even after he has discovered the fraud, and recover damages on account of it, or he may rescind the contract and recover back what he paid or sold. Where a party has been defrauded by another in making an executory contract, a subsequent performance of it on his part, even with the knowledge acquired subsequently to the making, and previous to the performance, will not bar him of any remedy for the recovery of damages. (Long Sales, 214-16 ; 2 Kent Com. 480 ; Whitney vs. Allen, 4 Denio, 554 ; Page vs. Whalen, 7 East, 274.) Applying the above principles to a determination of the question raised, and the action of the court in allowing the evidence to go to the jury, was entirely proper. The compensation defendant was to receive under the contract, was half the wool and half the increase of the sheep ; the price, or consideration, he was to pay therefor, was the caring for and feeding the sheep for one year. If, in consequence of the fraudulent concealment by plaintiff of the disease with which the sheep were afflicted, defendant was deprived of what he would otherwise have received under the contract, then he was entitled to recover damages therefor, and, we think, in this case a fair measure of damages would be the time expended in caring for and feeding the sheep, and the cost of the same, less the profits received by him under the contract. If the care and custody of the sheep was rendered more onerous in consequence of the fraud practiced by plaintiff, we can see no reason why this should not be taken into account in estimating damages, inasmuch as the contract imposed upon defendant, in terms, the care of them as the price to be paid by him for the consideration he was to receive.

The objections to the third instruction given for defendant are not well founded. The instruction embodies the principle above expressed, and was therefore properly given.

The fourth instruction given for defendant substantially declares, that if, at the time defendant entered into the contract, plaintiff represented that the ewes would nõt have lambs before the middle of March, and defendant relied upon such representation, and was thereby induced to enter into said contract, and said ewes had their lambs in the winter, by reason of which they died, then defendant was entitled to recover the value of the time and labor in feeding and caring for them, and the value of the lambs and wool lost thereby, less the amount of profit received by him from said ewes and lambs.

The answer of defendant, setting up counter-claim, to which this instruction was intended to apply, charges that at the time of making the contract plaintiff represented that the ewes in said flock of sheep would not have lambs till March; that the representations were false and fraudulent, and made for the purpose of cheating and defrauding defendant. It is not charged that the defendant relied on the representations, nor that he was induced by them to enter into the contract; nor that he was deceived thereby; nor that plaintiff knew that they were false.

The instruction makes a case for defendant, not made in his answer, nor is the case made in the evidence so far as the bill of exceptions show, and for that, if for no other reason, should have been refused. It might be true that the representations were made as charged, and yet, unless they were relied on by defendant, and he was induced thereby to enter into the contract, he cannot complain. (Jolliffe vs. Collins, 21 Mo. 338; Peers vs. Davis, Adm'r, 29 Mo. 184.)

Judgment reversed and cause remanded. The other judges concur.