## NAUMAN v. OBERLE, *Appellant.*

1. **False and Fraudulent Representations, Action for.** Where one makes false and fraudulent representations to another, knowing them to be such, and with the intention of inducing the other to buy, and the latter, relying on such representations, does buy, or if such representations are made as of the maker's own knowledge, he not knowing them to be true, and the purchaser buys, relying thereon, he is entitled to recover damages.

2. ———: OPINION: BURDEN OF PROOF. If such representations amount merely to an expression of opinion, the purchaser cannot recover; nor can he recover if he does not rely solely on the false representations, if any were made; and the burden of proof in such case is on plaintiff to make out his case by a preponderance of the evidence.

3. ———: WAIVER. Where a person has been defrauded by another in making an executory contract, a subsequent performance of it on his part, even with a knowledge of the fraud, acquired subsequent to the making and previous to the performance, does not bar him of any remedy for his damages for the fraud.

*Appeal from Ste. Genevieve Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*John H. Nicholson* and *Thomas B. Whitledge* for appellant.

(1)   Appellant alleges in his answer, and offered evidence tending to prove, "that said plaintiff paid to the defendant the said consideration of thirteen hundred dollars for said hides, tallow, and sheep-pelts after having counted and received delivery and having full knowledge of the number of said hides." This stated a complete defence to plaintiff's cause of action, for the reason: Said payment being made with a full knowledge of all the facts and circumstances that there was a less number of hides than he bought, and well knowing he was under no legal obligation to pay it, must, therefore, be regarded as a voluntary payment. "Where money is paid without fraud or duress with a full knowledge of all the facts in the case it cannot be recovered back." *Claflin v. McDonough*, 33 Mo. 412 ; *Ramsey v. Hays*, 39 Mo. 445 ; *Adams v. Reeves*, 68 N. C. 134 ; *Courtney v. Boswell*, 65 Mo. 196, 202 ; *State v. Powell*, 44 Mo. 436 ; *Christie v. St. Louis*, 20 Mo. 143 ; *Walker v. St. Louis*, 15 Mo. 563 ; *Draper v. Ousley*, 15 Mo. 613.    (2) The said payment under the aforesaid circumstances and without making any claim for alleged deficiency constituted a complete accounting and settlement, and in the absence of fraud in procuring the said accounting and settlement, or ignorance of his rights when the same was made, said accounting and settlement binds plaintiff and cannot be re-opened.   *Pickel v. St. Louis C. of C. Ass'n*, 80 Mo. 65 ; *Krœnberger v. Binz*, 56 Mo. 121 ; *Quinlin v. Keiser*, 66 Mo. 603 ; *Galbreath v. City of Moberly*, 80 Mo. 484.

*William Carter* and *Smith, Silver & Brown* for respondent.

The fact that the plaintiff omitted to count said

hides, or did not examine into the number of them for himself, instead of relying on defendant's representations, did not relieve defendant of liability for false representations made by him concerning the number of hides sold plaintiff. *Caldwell v. Henry*, 76 Mo. 254; *Wannell v. Kem*, 57 Mo. 478; *Langdon v. Given*, 49 Mo. 367. A party defrauded in a contract has his election of remedies. He may stand to the bargain, even after he has discovered the fraud, and recover damages on account of it; and where a party has been defrauded by another in making an executory contract, a subsequent performance of it on his part, even with the knowledge acquired subsequently to the making and previous to the performance, will not bar him of any remedy for the recovery of damages. *Parker v. Marquis*, 64 Mo. 38; *Whitney v. Allen*, 4 Denio, 554; 2 Kent Com. 480; Long on Sales, 214–16.

NORTON, C. J.—This is a suit to recover damages, in which the petition, in substance, alleges that plaintiff bought of defendant a quantity of hides, tallow and sheep pelts for the price and sum of thirteen hundred dollars; that defendant falsely, fraudulently and deceitfully represented and guaranteed that the number of hides so sold was not less than three hundred and forty, when in truth and in fact the number was only two hundred and fifty-nine; that plaintiff, relying on the representations and guarantees of defendant, bought the said hides, etc., at the above price and paid for them. The answer denies that any such representations or warranty were made and avers that plaintiff paid the said consideration of thirteen hundred dollars after having received delivery and counted the hides, and with full knowledge of their number. It appears from the evidence that at the time of the purchase plaintiff paid defendant five dollars, and received the property and thereafter sold it to a third party, and in counting the

hides the fact was ascertained that the number of them was only two hundred and fifty-nine, and that with a knowledge of this fact, thus ascertained, plaintiff paid defendant the balance of the purchase price.

On the trial plaintiff obtained judgment, from which the defendant has appealed and assigns for error the action of the court in giving and refusing instructions. On the part of plaintiff the court instructed the jury to the effect that, if they believed that defendant falsely and fraudulently represented the number of the hides to be not less than three hundred and forty, and knew the representation was not true, and that the representation was made to induce plaintiff to buy, and, relying thereon, he did buy, or that, if they believed defendant made such representations as of his own knowledge, not knowing them to be true, and plaintiff made the purchase, relying thereon, that plaintiff was entitled to recover. These instructions are in harmony with the principle announced in the following cases: *Dulaney v. Rogers*, 64 Mo. 201; *Walsh v. Morse*, 80 Mo. 568; *Jones v. Railroad*, 79 Mo. 92. On the other hand the jury were told that if they believed what defendant said as to the number of the hides was only an expression of his opinion, plaintiff could not recover, nor could he recover if he did not rely solely on the false representation, if any was made, and that the burden of proof was on plaintiff to make out his case by a preponderance of the evidence.

It is insisted that the court erred in refusing to instruct the jury to the effect that if plaintiff counted the hides after he made the purchase, and ascertained the shortage in the number, and, after acquiring this knowledge, paid defendant the price agreed upon, that he thereby waived his right to recover on the warranty, although the jury might believe defendant did warrant the number at the time of the sale. This instruction was properly refused, under the ruling of this court in

the case of *Parker v. Marquis*, 64 Mo. 38, in which the case of *Whitney v. Allaire*, 4 Denio, 554, was cited with approval, where it is said: "There is no principle or authority showing that where a person has been defrauded by another in making an executory contract, a subsequent performance of it on his part, even with knowledge of the fraud acquired subsequent to the making and previous to the performance, bars him of any remedy for his damages for the fraud. The party defrauded, by performing his part of the contract with a knowledge of the fraud, is deemed to have ratified it, and is precluded thereby from subsequently disaffirming it. That is the extent of the rule. His right of action for the fraud remains unaffected by such performance. But having gone on, after discovering the fraud, he cannot afterwards disaffirm the bargain or sue for the consideration." The cases to which we have been cited by the learned counsel for defendant, establishing the doctrine that money voluntarily paid with full knowledge cannot be recovered back, have no application to the case before us.

Perceiving no error in the record, justifying an interference with the judgment, it is hereby affirmed. All concur, except Brace, J., absent.