Shinnabarger v. Shelton & Lane.

----

WILLIAM A. SHINNABARGER, Respondent, v. WILLIAM M. SHELTON AND LEMUEL M. LANE, Appellants.

Kansas City Court of Appeals, May 12, 1890.

1. **Fraud :** ELECTION AS TO REMEDY : DAMAGES : RESCISSION. An action lies against a party making a representation, which is at the time known to be false, to a person who relies upon it and is deceived thereby to his injury ; and the party so defrauded in a contract may stand to the bargain even after he has discovered the fraud and recover damages on account of it, or he may rescind the contract and recover back what he has paid or sold ; and, when he elects to pursue the former remedy, the defendant is not entitled to instructions setting forth the conditions necessary to the pursuit of the second remedy.

2. **Practice :** INSTRUCTION NOT MISLEADING OR PREJUDICIAL. Though an instruction is not as explicit as it might be, yet, where it is not misleading nor prejudicial and is supported by the evidence it is properly given.

3. **Fraud :** MEASURE OF DAMAGES : REPRESENTATION : EVIDENCE : INSTRUCTION : COMMON FAULT. In an action for fraud and deceit in a land trade the measure of damages is the difference between the actual value of the land at the time of the trade and what would have

been the value at that time had it been in point of quality, condition and location as represented ; and where the defendant had not only represented quality, condition and location of the land, but had gone further and represented it as of a given value, evidence of such representation is sufficient to support an instruction to the above effect without further evidence of such value, especially where defendant asked and the court gave other instructions announcing identically the same rule.

4. ———: REPRESENTATION : EVIDENCE : INSTRUCTION. In such action it is proper to refuse an instruction directing the jury to disregard the defendant's representation as to the amount of loan that could be placed on the land.

5. ———: RULE AS TO DOUBT IN FRAUDULENT TRANSACTION. When the evidence in respect to a transaction charged to be fraudulent comports as well with honesty as dishonesty, and when the equilibrium is so nearly approached that the mind of the trier of the fact is in a state of doubt as to whether the scale preponderates in favor of the plaintiff or not, then, in such case, the doubt· if it be a reasonable, substantial doubt, not a mere possibility, should be solved in favor of defendant.

6. ———: EVIDENCE : PARTICIPANTS IN BENEFITS OF FRAUD. If one of two defendants writes a letter for another, in reference to the land trade in issue, then the letter is evidence against the other ; and if both defendants participate in the benefits of the transaction induced by the false statements of such letter, both are liable therefor.

*Appeal from the Nodaway Circuit Court.* — HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Johnson & Craig* and *W. W. Ramsay*, for appellants.

(1) The court committed error in giving instruction number 1, in behalf of plaintiff. A general instruction intended to cover the whole law of the case should conform to the issues and be in harmony with the theory on which plaintiff seeks to recover, as contained in his petition, and· should omit no essential element to such recovery ; that is, the issues cannot be changed from those made by the pleadings, nor ignored

in such instruction. *Moffit v. Conklin*, 35 Mo. 453; *Bank v. Armstrong*, 62 Mo. 59, *loc. cit.* 65, 66; *Bank v. Murdock*, 62 Mo. 70, *et seq.; Glass v. Gelvin*, 80 Mo. 297, *loc. cit.* 302; *Wade v. Hardy*, 75 Mo. 394; *Frederick v. Kinzer*, 17 Neb. 366; *Compton v. Baker*, 34 Mo. App. 133, and cases cited; *Hoenschen v. O'Bannon*, 56 Mo. 289; *Trimble v. Stewart, Wilson & Bland*, 35 Mo. App. 537; *Gurley v. Railroad*, 93 Mo. 445. (2) Instruction number 1, given at the instance of the plaintiff, while intended to be general and to cover plaintiff's whole case, as construed in his petition, is not based on the theory presented in his petition. The petition is founded upon the theory that plaintiff has the right to recover the value of the Nodaway county land traded by him to the defendants, in excess or above the mortgages on the same which defendants assumed and paid, by proving the deceit charged in the petition, and that the "timber-claim entry" was valueless. There was no evidence whatever introduced, or pretended to be introduced, that either of the defendants represented the "right and interest of Lane" to be worth ten dollars per acre, or any sum whatever. *Holland v. Anderson*, 38 Mo. 55; *Parker v. Marquis*, 64 Mo. 38, *loc. cit.* 42; *Clark v. Edgar*, 12 Mo. App. 345, *loc. cit.* 351, 352; *Hipsley v. Railroad*, 88 Mo. 348. (3) If everything required to be found by said instruction had been supported by the evidence, what should be plaintiff's measure of damages, taking his petition as the basis? Certainly not that declared in instruction number 2 given in behalf of plaintiff. *Malone v. Harris*, 6 Mo. 451; *Compton v. Parsons*, 76 Mo. 455; *Brewster v. Burnett*, 28 Am. Rep. 203; *Camp v. Culver*, 5 Den. (N. Y.) 48; *Colville v. Besley*, 2 Den. (N. Y.) 139; *Mowatt v. Wright*, 1 Wend. (N. Y.) 355, *loc. cit.* 360; Bish. on Con. [Ed. 1887] sec. 71; *Magoffin v. Muldrow*, 12 Mo. 512; *Babcock v. Case*, 100 Am. Dec. 654; 61 Penn. 427. (4) The court committed error in giving instruction number 2 in behalf of plaintiff. *First.*

Because as a legal proposition it does not follow as a sequence, from the petition, and instruction number 1. *Glass v. Gelvin*, 80 Mo. 297; *Benson v. Railroad*, 78 Mo. 504, *loc. cit.* 513, 514; *Moffit v. Conklin*, 35 Mo. 453. *Second.* There was no evidence to support instruction number 2, as to one of its essential elements or premises. *Harrison v. Cachelin*, 27 Mo. 26; *Atkinson v. Nicholson*, 31 Mo. 488; *Winters v. Railroad*, 39 Mo. 468, 475; *Harper v. Railroad*, 44 Mo. 488, 490; *Doebling v. Loos*, 45 Mo. 150, 151; *Franz v. Hildebrand*, 45 Mo. 121; *Givens v. VanStuddiford*, 4 Mo. App. 498, *loc. cit.* 505; *Musick v. Railroad*, 57 Mo. 134; *Newell v. B. & I. Co.*, 5 Mo. App. 253, 258; *Matney v. Gregg Bros.*, 19 Mo. App. 107, *loc. cit.* 112, 113. *Third.* It furnishes the jury with a standard for the measurement of plaintiff's damages that is not in the case. *Trimble v. Stewart, Wilson & Bland*, 35 Mo. App. 537; *Gurley v. Railroad*, 93 Mo. 445; *Murphy v. Bedford*, 18 Mo. App. 279; *Clements v. Yeates*, 69 Mo. 623; *Mendock v. Brown*, 16 Mo. App. 548; *Ellis v. Railroad*, 17 Mo. App. 126; *Hancock v. Buckley*, 18 Mo. App. 459; *Phleger v. Weltner*, 21 Mo. App. 580; *Kemp v. Foster*, 22 Mo. App. 643; *Field v. Railroad*, 76 Mo. 614; *Bank v. Armstrong*, 62 Mo. 59; *Buffington v. Railroad*, 64 Mo. 246; *Price v. Railroad*, 72 Mo. 414; *Ely v. Railroad*, 77 Mo. 34. (5) Instruction number 5, asked by the defendants, should have been given. It asked the court to exclude from the jury any evidence as to a loan of any kind that could be placed on the defendant Lane's tree-claim entry, as under the laws of the United States no such claim was subject to mortgage by the claimant, he had no such interest as could be mortgaged and plaintiff was bound to know it. This proposition needs no citation of authorities. *Ordway v. Ins. Co.*, 35 Mo. App. 426, and cases cited. (6) Instruction number 7 should have been given. It affirms that fraud will not be presumed, but must be proved in this case as well as any other where plaintiff must make out his case by

establishing fraud in the defendants. And, after the jury have considered all the evidence, facts and circumstances, they find that the acts of the defendants in the transaction will comport as well with honesty of purpose, as with fraud and dishonesty, then the jury are instructed to find for the defendants; an instruction which has become stereotyped in such cases. *Page v. Dixon,* 59 Mo. 43, *loc. cit.* 47, 48; *Webb v. Darby,* 94 Mo. 621. (7) Instruction number 8 should have been given. (8) The court erred in admitting irrelevant, incompetent and hearsay evidence to go to the jury, and in permitting leading questions to be asked the witnesses, over the exceptions and objections of defendants. It appears to us that the plainest rules of evidence were set at naught by the trial court in the trial of this cause. 1 Greenl. Ev. [13 Ed.] sec. 434, p. 483; sec. 440, p. 490; *Muldowney v. Railroad,* 36 Iowa, 462; *Page v. Parker,* 40 N. H. 47; *White v. Ballou,* 8 Allen (Mass.) 408; *Glass Co. v. Lovell,* 7 Cush. (Mass.) 321; *Gourley v. Railroad,* 35 Mo. App. 87; *Railroad v. Railroad,* 3 Allen, 142; *Haynes v. Christian,* 30 Mo. App. 198; *Dunlap v. Social Club,* 25 Mo. App. 180; *Hamilton v. Railroad,* 21 Mo. App. 152; *Ahern v. Boyce,* 19 Mo. App. 552; *Stephens v. Railroad,* 96 Mo. 207, at pp. 214 and 215; *Hurt v. Railroad,* 94 Mo. 255; *Eubank v. The City of Edina,* 88 Mo. 650. This last authority we think in exact point, when we consider, among others, the following question asked Charles P. Ross in deposition taken, to-wit: "Would it not be impossible to plow and farm the rough land in controversy in your opinion?" *Ritter v. Bank,* 87 Mo. 574.

*G. W. Crossan, S. R. Beech* and *Wm. Ellison,* for respondent.

(1) Where a contract induced by fraud is rescinded, the tort is waived, and the plaintiff's remedy is on an implied agreement to restore the consideration

( *Miller v. Barber*, 66 N. Y. 558 ), or in *assumpsit* for money had and received ( *Magoffin v. Muldrow*, 12 Mo. 512 ), or if goods and chattels were sold, in replevin, after demand, which is necessary to place the defendant in the wrong. *Cahn v. Reid*, 18 Mo. App. 116. Where there has been a rescission of a contract for fraud, plaintiff cannot rely upon the fraud except to justify the rescission. The petition in this case sounds in tort throughout. The fraud is not alleged by way of an inducement, followed by an allegation of an election to rescind. No return, or offer to return, or excuse for a failure to return, Lane's deed of release, appears in any of the allegations or in the evidence. According to the authorities the petition contains every allegation necessary in an action for fraud and deceit under the contract. (2) Was there error in the instructions, defining the measure of damages? Be that as it may, appellants cannot here complain of the error, because they adopted it, and asked the court to give, and the court did give in their behalf, instructions, containing exactly the same error. (3) Was the evidence sufficient to support the verdict? The next contention of appellants is, that inasmuch as the measure of damages was the difference between the actual value of the timber claim, and its value as it was represented to be, it was necessary for plaintiff (respondent) to prove not only the actual value of the timber claim, but likewise, its value, if it had been as good as it was represented to be ; that there was an entire failure of testimony in respect to its value, if it had been as good as represented ; and that, therefore, there was nothing upon which the verdict of the jury could rest. The price paid for it at that time is the highest kind of evidence of what it was then worth, if it had been as represented. 3 Sutherland on Damages, p. 592. Story on Sales [4 Ed.] sec. 454, note 3. Young Shinnabarger and his mother bought the timber claim, under the belief that what Lane and Shelton said of it was true. The price

paid was thus an estimate of the value, made by the parties themselves, on the theory that the land was as good as it was represented to be. *McBeth v. Craddock*, 28 Mo. App. 380, 396, 397; *Cahn v. Reid*, 18 Mo. App. 116; *Griffin v. Farrier*, 32 Minn. 474. (4) Instruction number 5, offered by appellants, was properly refused. It required the jury to entirely disregard the testimony therein referred to. The good faith of Lane and Shelton in the negotiation was in issue, and, as a part of the *res gestæ*, the evidence was admissible. Besides, a representation involving a proposition of law of a foreign state, or of the United States, is regarded as a representation of a fact. (5) It is claimed the court erred in refusing instruction number 7, offered by appellants. The court properly refused it. It is therein stated that "if the jury entertain any doubt as to the true construction, etc., those doubts should be resolved in favor of the defendants," thus requiring a greater degree of proof than is imposed on the state in a murder case. *Gay v. Gillilan*, 92 Mo. 250. (6) Irrevelant or immaterial testimony is not admissible on a trial in a court of justice, it is true ; but the reason for the rule is not so much that it does any particular harm when admitted, as that the dispatch of business in due time makes it necessary for courts to limit inquiry to the issues joined. *Birney v. Sharp*, 78 Mo. 73 ; *Stern v. Mason*, 16 Mo. App. 473 ; *Siebert v. Chosen Friends*, 23 Mo. App. 268.

SMITH, P. J.—This is a suit brought by plaintiff against defendants in the circuit court of Nodaway county to recover damages for fraud. The petition alleged that plaintiff and his parents were the owners of the equity of redemption in one hundred and sixty acres of land in Nodaway county in this state of the value of two thousand dollars ; that the defendant Lane had, under the act of congress to encourage the growth of timber on the western prairies, entered one

hundred and sixty acres of land in Lincoln county in the state of Nebraska, and was then in the possession thereof, perfecting his title thereto under the provisions of said act ; that the said Nebraska land was a barren waste of land, surface rock and gravel, wholly unfit for any purpose, and of no value whatever, incapable of producing or sustaining the growth of any herb, plant or grain fit for man or beast, of all which defendants were fully aware ; that defendants agreed with plaintiff and his parents that said Lane would relinquish to the United States all of his right in and to said land to the end that plaintiff might enter the same under the act of congress in consideration that plaintiff and his parents would execute to defendants deeds conveying their equity of redemption in the said Missouri land, the defendants agreeing to assume the payment of the mortgage debts on the said lands ; that the defendant intending to defraud plaintiff and his parents, and for the purpose of inducing them to consummate said agreement and to execute said deeds, defendant falsely and fraudulently represented to plaintiff and his parents that said Nebraska land was valuable for agricultural purposes, and was located in as rich a part of the state as there was ; that no part of said land was unfit for farming purposes ; that the soil thereof was fertile ; that the reasonable value of said land and the right of entry as then owned by said defendant Lane was ten dollars per acre and that nine dollars per acre could be borrowed from those who knew said land, upon the right-of-entry claim as then owned by said defendant Lane as a security for said loan, etc. ; that the defendants well knew each and every one of said representations to be false ; that plaintiff and his parents were ignorant of the value and quality of said Nebraska land, and believed to be true and relied upon the false and fraudulent representations of defendants touching the quality and value of said land, and so believing and acting in good faith

consummate said agreement and execute the said deeds conveying said Nodaway county lands to defendants, and defendant Lane did execute a proper relinquishment of his claim to said Nebraska land to the United States, and that thereupon defendants took possession of the said Nodaway county land and converted the same to their own use to the damage of plaintiff, etc. The answer contained a general denial coupled with a counter-claim. There was a trial which resulted in a judgment for the plaintiff and from which defendants have appealed.

I.. The defendants assail the judgment on the ground that the trial court erred in giving the plaintiff's first instruction. The defendants misconstrue the plain and obvious meaning of the petition. The hypothesis of the instruction is not as they suppose different from that of the petition. The theory of the petition is that the plaintiff affirms the contract and seeks to recover for fraud and deceit. A party defrauded in a contract may stand to the bargain even after he has discovered the fraud and recover damages on account of it, or he may rescind the contract and recover back what he has paid or sold. *Parker v. Marquis*, 64 Mo. 38 ; *Jarrett v. Morton*, 44 Mo. 275 ; *Finlay v. Bryson*, 84 Mo. 664 ; *Nauman v. Oberle*, 90 Mo. 666. The gist of an action founded on fraudulent representations, when damage results, is the fraud of the defendants, and when it appears that a representation is made which is known to be false at the time it is made, and the person to whom it is made relies upon it and is deceived thereby to his injury, an action lies against the party making it. *Dunlevy v. Rogers*, 64 Mo. 204 ; *Walsh v. Morse*, 80 Mo. 568 ; *Jones v. Railroad*, 79 Mo. 92 ; *Nauman v. Oberle, supra*. The pleader in this case recognized the above doctrine in his petition, and the instruction under consideration was framed in exact harmony therewith. There was no radical departure in this instruction from

the theory of the petition.   The petition did not proceed upon the idea of rescission of the contract and for the recovery of the value of the Nodaway county land.   The action stated is not to be confounded with the class of actions where the contract is induced by fraud on the discovery of which it is rescinded and the tort waived, in which the remedy may be on an implied agreement to restore the consideration ( *Miller v. Barber*, 66 N. Y. 558 ), or in *assumpsit* for money had and received. *Magoffin v. Muldrow*, 12 Mo. 572.

The defendants further contend that this instruction required the jury to find that the reasonable value of the right and interest in the land, as then owned and held by Lane, was ten dollars per acre, while the petition alleged that the defendants represented that the reasonable value of the said land and the right of entry, as then owned by Lane, was ten dollars per acre.   The instruction in this regard is not as explicit as it perhaps might have been.   The value of Lane's right and interest in the Nebraska land of course was to be measured very largely by the value of the land itself.   The words "timber claim," or right, were used by some of the witnesses interchangeably with words "the Nebraska land" and "Lane's interest in the Nebraska land." The material thing was the land and the words of the instruction to which exceptions are taken undoubtedly referred to the land and its value.   The jury could not have been misled or the defendants prejudiced by the language of the instruction.   The objection amounts to no more than a bare verbal criticism. There was no lack of evidence to support the theory of this instruction, and we think it was properly given.

It follows from these observations that the plaintiff's second instruction defining the measure of damages was not, as the defendants contend, a complete *non-sequitur*.   The rule there laid down is the logical corollary to the proposition embraced in the preceding instruction.

It declared the measure of damages to be "the difference between the *actual value* of the Nebraska land at the time of the trade of it to the plaintiff and what would have been the value at that time had it been in point of quality, condition and location as represented by defendant." One of the instructions asked by the defendants, and modified by the court, both as it was originally asked and as it was modified, announced identically the same rule as that of the plaintiff's instruction just referred to. The defendants, therefore, cannot be heard to complain of a rule which they themselves sought to invoke and apply to the case.

The defendants further contend that there was no evidence adduced to show what would have been the value of the Nebraska land had it been of the quality, condition and location as represented by the defendants. On the question of value the admission of the purchaser may be considered. 2 Sutherland on Damages, 204–5 ; *King v. Brown*, 2 Hill, 285 ; *Basford v. Pearson*, 9 Allen, 387 ; *Knuland v. Fuller*, 51 Me. 518.

Upon this principle the plaintiff could prove, on the question of value, the worth of the Nebraska land, not as a basis of recovery but as a declaration on the subject of value. *McBeth v. Craddock*, 28 Mo. App. 380. The defendants in this case, as is shown by the evidence, did not confine their representations to the topography, quality, productiveness, location, etc., of the land, but they went further and stated its value. They stated it to be worth ten dollars per acre ; that land like it could not be bought in Nebraska for sixteen hundred dollars ; that from seven to nine hundred dollars could then be borrowed on it in the then state of defendants' title. The situation of the parties was quite unequal. The land for which the plaintiff was trading was situate in another state, and its inspection then would have been attended with inconvenience and expense, and for that reason the representations of the defendants constituted a proper basis for plaintiff's action of deceit.

The defendants were stating facts in respect to the quality and value of the land at the time for the purpose to have the plaintiff so understand it. The value of the land was an important fact. The defendants undertook to give this information. Why should they not be held to the valuation they fixed for themselves? They should be held responsible for the falsehood. *McBeth v. Craddock*, 28 Mo. App. 380; *Cahn v. Reid*, 18 Mo. App. 116. The instruction as to the measure of damages is substantially the same as was approved by the supreme court in *Caldwell v. Henry*, 76 Mo. 257.

II. The defendants' refused instruction number one, which declared that the plaintiff was intitled to recover, if at all, only nominal damages, proceeded upon the mistaken notion that the plaintiff had failed to prove the value of the Nebraska land, had it been as it was represented to be. There was some evidence of this value before the jury, as we have already stated, and therefore this instruction was properly refused.

The defendants' second instruction proceeded upon an entirely erroneous theory. The suit was not to recover the value of the Nodaway county land less the sum of the mortgage thereon, as the defendants seemed to suppose. For reasons already sufficiently stated, this instruction, assuming that fact, was properly refused. It misconstrued the petition.

The fifth instruction refused for defendants, which directed the jury to disregard the representations of the defendants in respect to the amount of the loan that could be placed on the Nebraska land, was properly refused. This statement was made to illustrate or verify the truth of the statements defendants had made respecting the value of the Nebraska land, and which, standing alone, might not have been sufficient to bind defendants, yet, in connection with the balance of the statement of which it was a constitutive part, it was admissible. The good faith of the defendants was in

issue as a part of the *res gestæ*, and upon that ground it was also admissible.

The defendants' sixth instruction, in relation to the counter-claim, was properly refused, as there was a total lack of evidence as to that matter.

The defendants' seventh instruction was properly refused. The concluding portion of this instruction told the jury that, "if it entertained *any doubt* as to the true construction to be given the conduct and the transactions of the defendants in the matter in controversy, these doubts should be resolved in favor of the defendant." It will be observed that the rule it lays down is more stringent than that which obtains in criminal cases. The jury were not even restricted to a "reasonable doubt," but were authorized to give defendants the benefit of "any doubt." This was a vice which stands condemned. *Gay v. Gillilan*, 92 Mo. 251. The rule is that when the evidence, in respect to the transaction which is charged to be fraudulent, comports as well with honesty as dishonesty, and when the equilibrium is so nearly approached that the mind of the triers of the fact is in a state of doubt as to whether the scale preponderates in favor of plaintiff or not, then, in such case, this doubt, if it be reasonable, substantial doubt, not a mere possibility, should be solved in favor of the defendant. This view seems to be in line with the case last cited. It is true that the qualifying word is not mentioned or alluded to in the later case of *Webb v. Darby*, 94 Mo. 621, yet we are not to understand that the two cases are necessarily inharmonious. The point in the former was not before the court in the latter, which but restates the rule which had been in existence in this state before the decision in 92 Mo., as shown by the cases there cited. We take it that the rule in respect to doubt as is explained and qualified in the case in 92 Mo. has not been in any way impaired or affected by the opinion in 94 Mo.

The eighth instruction of defendant was improper. If the letter of which it makes mention was written by one of the defendants for the other, of which there is some evidence, then the writer was the agent for such owner.

If the defendants were jointly interested in the venture, as there was also some evidence to show, then upon this ground the letter was admissible. If it contained a false statement and was the inducing cause to the trade, then, as both of defendants participated in the benefits which resulted to them from it, we cannot see why both of them are not liable. The court admitted some immaterial and irrelevant testimony, but the most searching scrutiny of it has failed to convince our minds that any particular harm resulted to defendants therefrom.

The objection to the notice to take the deposition of John Merryman is not well taken. If the entire notice is read, it will be very clearly seen by whom it was given and for what purpose. It was a sufficient compliance with the statutory requirement.

We think the case, upon the whole, was fairly tried and that the judgment is for the right party. We are unable to discover any errors upon the record that we think materially affect the merits, and we shall, therefore, affirm the judgment of the circuit court. All concur.