JACOB PUGH, Appellant, v. JAMES M. NICHOLS, Administrator of William H. Nichols, deceased, Respondent.

St. Louis Court of Appeals, January 30, 1894.

Practice Trial: RIGHT OF COUNSEL TO ARGUE CAUSE TO JURY. When the original instructions are withdrawn, and others are given in their place which are materially different, either party may, if the request be seasonably made, insist upon having the submission set aside and the cause reopened for argument to the jury.

*Appeal from the Knox Circuit Court.*—HON. BEN E. TURNER, Judge.

Order sustaining motion for a new trial AFFIRMED and cause REMANDED.

*John W. Ennis* and *G. R. Balthrope* for appellant.

*Orville M. Barnett* and *L. F. Cottey* for respondent.

This appeal is upon the ground that the trial court erred in granting defendant a new trial. The only question in this record is, whether the trial court erred in refusing defendant's attorneys the privilege of arguing the case to the jury when the last instructions were given. Where a material fact is at issue, either party has an absolute right to have his counsel address the jury. *Houck v. Gue*, 46 N. W. Rep. 280; *Douglass v. Hill*, 29 Kan. 527; Revised Statutes 1889, sec. 2094.

BIGGS, J.—This is an action on the case for damages. The plaintiff obtained a verdict, and the court sustained the defendant's motion for a new trial on the ground that the court had improperly refused to allow the defendant's attorney to argue the case to the jury.

Under the amendment to section 2246 of the Revised Statutes of 1889 (Laws of 1891, p. 70), the plaintiff has prosecuted an appeal from the order granting the new trial.

The facts are these: In the first instance the defendant's counsel declined to argue the case under the instructions which the court had then given, for the reason that in their opinion the instructions were equivalent to a direction to find for the plaintiff. The jury having failed to readily reach an agreement, the court of its own motion withdrew the original instructions and gave other instructions, which, in some material respects, were essentially different. Then it was that the defendant claimed the right of argument.

We think that the action of the court in granting a new trial was proper under the circumstances. The right of a litigant to be heard by his counsel is a legal right. This includes not only the privilege of being so represented before the court, but also the right to have his case presented to the jury, provided the instructions submit a question of fact which is fairly debatable. This is no matter of discretion on the part of the court. *Sodousky v. McGee*, 4 J. J. Marsh. (Ky.) 271; *Douglass v. Hill*, 29 Kan. 527; *Houck v. Gue*, 46 N. W. Rep. (Neb.) 280. This right, however, may be waived; and it was waived by the defendant in the present case in the first instance, for the reason that, in the opinion of his counsel, an argument in view of the instructions then given would have been ineffectual. But, when the court withdrew those instructions and submitted others, which in some material respects were different, then the defendant's right to have his case argued to the jury revived, so to speak. We do not mean to hold that the giving of additional instructions after a final submission will, in all cases, entitle the parties to have the case reopened for argument, but we

do hold that, where the original instructions are withdrawn, and others are given which are materially different, either party may, if the request be seasonably made, insist upon having the submission set aside and the case reopened for argument.

Whether the instructions, which the court finally gave, properly presented the law, is not properly before us. But, as there will probably be another trial, we would suggest that the decisions of the supreme court in the cases of *Walsh v. Morse, Executrix,* 80 Mo. 568, and *Nauman v. Oberle,* 90 Mo. 666, discuss and decide principles which, it seems to us, are applicable to the facts in this case.

The judgment of the circuit court in sustaining the defendant's motion for a new trial will be affirmed, and the cause remanded for further trial. All the judges concur.