McAdams, Plaintiff in Error, v. Cates, Defendant in Error.

1. If the vendor of a horse is aware, at the time of the sale, of the existence of a latent defect, unknown to the vendee, of such a character that the vendee would not have made the sale had he known of it, and such as would have ordinarily escaped the observation of men engaged in buying horses, and he allows the vendee to purchase without disclosing the defect, he is guilty of a fraudulent concealment, and must respond in damages to the vendee.

### Error to Polk Circuit Court.

The following instruction was given to the jury at the instance of the defendant: "Although the jury shall believe from the evidence that the defendant knew that the filly was unsound from the loss of her teeth, yet unless they shall further find from the evidence that the defendant made some statement or representation as to the soundness of the filly which was not true, or used some artifice to conceal the unsoundness, or to throw the plaintiff off his guard, so that he did not examine said filly before the exchange, and that the plaintiff was thereby deceived, they must find a verdict for defendant. Further, if the jury shall believe from the evidence that the plaintiff, before the exchange, knew that the filly was unsound, they must find for the defendant."

*F. P. Wright*, for plaintiff in error.
*Gardenhire*, for defendant in error.

Leonard, Judge, delivered the opinion of the court.

The Circuit Court, considering that the party was not bound to disclose any secret defect in the filly, directed the jury that he was not responsible, unless he used some artifice to conceal the fault or throw the plaintiff off his guard, so that he did not examine her. Chancellor Kent lays down the rule of legal duty in this particular to be, that each party must communicate to the other his knowledge of all material intrinsic defects,

provided he knows the other party to be ignorant of them, and they are not equally within the reach of his observation. (2 Kent. Com., 8th ed., p. 482.) But Justice Story (1 Eq. Jur., 6th ed., § 208) thinks the duty of disclosing defects, as a legal obligation, is confined to the cases where the party in possession of the facts is under some special obligation, by confidence reposed or otherwise, to communicate them, so as to authorize the buyer to act upon the presumption that there is no concealment of any material circumstance. In Bench v. Sheldon, (14 Barb. S. C. 72,) the rule thus qualified is said to be the true one; and it is there remarked, that, in sales of personal property, the law allows the purchaser to impose confidence in the vendor as to all such defects as are not within the reach of ordinary observation, and imposes upon the latter the corresponding duty of disclosing them. In Roll. Abr. p. 90, it is said that, if a merchant sell cloth knowing it to be badly fulled, an action on the case in the nature of deceit lies against him, because it is a warranty in law. In Southern v. Howe, (2 Roll. R. 5,) it was stated that, if a man sell wine knowing it to be corrupt, an action of deceit lies against him, though there be no warranty; and in Mellish v. Mottram, (Peake's cases, 115,) a ship was sold that had a latent defect known to the seller, but which the buyer could not by any attention possibly discover; and it was held that he was bound to disclose it, and his failure to do so was a breach of honesty and good faith, rendering him liable. It is true, this case was afterwards overruled in Baglehole v. Walters, (3 Camp. 154,) and the latter decision confirmed in Pickering v. Down, (4 Taunt. 779,) but it was upon another point, respecting the effect of a sale " with all faults."

By the civil law, the seller, by the very nature of the contract of sale, became bound, in an implied warranty, that the thing sold was exempt from defects, without any reference to his knowledge of them; but this warranty, though covering all defects, whether known or unknown to the seller, did not extend to such as were within the knowledge of the buyer, or

McAdams v. Cates.

within the ordinary observation of buyers ; nor to defects which the seller expressly excepted from the warranty by a clause in the contract to that effect. There was, however, this difference between selling with or without knowing of the defect, that in the former case the party was considered as guilty of a fraud, and subjected not merely to a return of the price, as was the case when he sold without knowledge of the defect, but was also liable for all the damages occasioned thereby to the purchaser. And when he was aware of the defect, and expressly stipulated that he did not warrant it, he was still subject to the warranty, notwithstanding the clause of exemption on account of the fraud in not disclosing it. (Pothier on Sales, by Cushing, 126, 131.)

All this, however, is otherwise in a common law sale. Here, there is no implied warranty against defects unless there be fraud by some false representation or undue concealment ; and the question in the present case is, whether there was any undue concealment on the part of the defendant ; or, in other words, whether, under the circumstances of the case, it was his duty to disclose the defect of which the plaintiff complains. Although many duties must be left by the law to the honor and conscience of individuals, the public morals require us to lay down and enforce such rules, in relation to the business affairs of men, as will secure fair and honorable dealing, as far as this is practicable consistently with the freedom of individual action and the interests of commerce. If, in a contract of sale, the vendor knowingly allow the vendee to be deceived as to the thing sold in a material matter, his silence is grossly fraudulent in a moral point of view, and may be safely treated accordingly in the law tribunals of the country. Although he is not required to give the purchaser all the information he possesses himself, he can not be permitted to be silent when his silence operates virtually as a fraud. If he fails to disclose an intrinsic circumstance that is vital to the contract, knowing that the other party is acting upon the presumption that no such fact exists, it would seem to be quite as

much a fraud as if he had expressly denied it, or asserted the reverse, or used any artifice to conceal it, or to call off the buyer's attention from it. Common honesty, in such a case, requires a man to speak out; and accordingly, in Hill v. Gray, (1 Starkie's Rep. 434,) when the agent of the vendor of a picture, knowing that the vendee labored under a delusion with respect to it which materially influenced his judgment, permitted him to make the purchase without removing that delusion, Lord Kenyon, before whom the case was tried, held it to be such a fraud as vitiated the sale. And we think that, if the defect complained of in the present case was unknown to the plaintiff, and of such a character that he would not have made the exchange had he known of it, and was a latent defect such as would have ordinarily escaped the observation of men engaged in buying horses, and the defendant, knowing this, allowed the plaintiff to exchange without communicating the defect, he was guilty of a fraudulent concealment, and must answer for it accordingly.

Ordinary fair dealing between man and man requires this of him, and the law ought to exact of men at least common honesty in their dealings with each other. If both parties had been ignorant of the defect, the loss would have fallen upon the plaintiff, and so, too, although the plaintiff did not know of the defect; yet if he could have discovered it by the use of ordinary care and attention, such as men engaged in making such purchases usually bestow, the loss would have been attributed to his own folly. The Circuit Court erred therefore in their rulings as to the law applicable to the case, and the judgment must therefore be reversed, and the cause remanded, to be retried in conformity with the principles here laid down. Judgment accordingly.