Barron, Appellant, v. Alexander, Respondent.

1. Where a vendor knows the existence of a latent defect in an article sold by him, and sells the same for a sound price without disclosing the defect to the vendee, he is guilty of a fraud; such fraud may be set up as a defence to an action founded on a note given for the price of the article sold; it is not necessary that there should be any express warranty or representation as to the quality of the article sold.

*Appeal from Franklin Circuit Court.*

*Holmes* and *Romyn*, for appellant.

*C. Jones*, for respondent.

Scott, Judge, delivered the opinion of the court.

The defendant sets up in his answer to the plaintiff's petition, which is founded on a note given for the price of a slave,

that at the time of the sale the slave was diseased, which was known to the plaintiff and which he fraudulently concealed from him.

Where a vendor sells a defective article, knowing the existence of the defect, for a sound price, and does not disclose it to his vendee, he is guilty of a fraud, and such fraud may be set up as a defence to an action founded on a note given for the price of the article. In such case it is not necessary to the defence that there should be any warranty or representation as to the quality of the goods. The rule *suppressio veri est suggestio falsi* applies. Knowingly to conceal a defect in goods when selling them for a sound price is a gross fraud. This principle is well settled and has heretofore been recognized and acted upon in our courts. (McAdams v. Oates, 24 Mo. 223.) There was no error in the court's instructions on this subject.

The affidavit as to the misconduct of a juror was entirely too vague and indefinite to found any action of the court upon it. The other judges concurring, the judgment will be affirmed.