PHILIP W. CECIL, ADMINISTRATOR OF B. W. ECKOLS, deceased, Respondent, v. AARON SPURGER, Appellant.

*Sale—Fraud.*—When a vendor sells property having a latent defect of which he is aware, but which he fails to disclose to the vendee, knowing that the latter is acting upon the supposition no such defect exists, he is guilty of a fraud, and the fraud may be pleaded as a defence to an action for the price of the property.

*Appeal from Henry Circuit Court.*

*Ryland & Son,* for respondent.

For points, see brief in next case of Cecil et al. v. Tutt.

DRYDEN, Judge, delivered the opinion of the court.

This is a suit brought to foreclose a mortgage, given to secure the payment of a note for three hundred and five dollars, made by Spurger to Cecil, administrator of Eckols. The note was given, it would seem, for the price of a negro belonging to the estate of the plaintiff's intestate, sold by Cecil, as administrator, to the defendant. The defendant filed his answer to the amended petition, which, on motion of the plaintiff, was stricken out for insufficiency, and a final judgment rendered for the debt and for the foreclosure of the mortgage, from which the defendant appealed to this court.

The material part of the answer is as follows: "The defendant further says that the said plaintiff, before and at the time of the sale of said slave, knew that said slave was unsound and diseased, and very old and worthless; and said plaintiff knew, before and at the time of said sale, that the defendant believed said slave to be sound and free from disease, and only about forty-eight years old; and defendant did not know of said unsoundness or disease, or age of said slave; and said plaintiff so knowing that defendant labored under such belief, did not, at any time before or at said sale, disclose to defendant the fact that said slave was unsound and diseased, and much older than forty-eight years, to wit, of the age of seventy years; and said plaintiff fraudulently

concealed said unsoundness and disease of said slave, and his age; and said defendant avers that, at the time of the sale of said slave, said slave was unsound and diseased, and over the age of forty-eight years, and was wholly worthless; and said slave, within about three weeks after defendant purchased him, died of said unsoundness, disease and old age, and was wholly lost to defendant; wherefore," &c.

What sort of case the evidence may disclose, when the parties come to a trial, we of course cannot foresee; nor have we anything to do with that matter. For the purposes of the question raised by the motion to strike out, we are obliged to take the material allegations of the answer to be true; and if they are found to constitute a defence, the judgment must be reversed; otherwise it will be affirmed.

Where a vendor sells property having a latent defect, of which he knows but which he fails to disclose to the vendee, knowing that the latter is acting upon the supposition no such defect exists, he is guilty of a fraud, and the fraud may be pleaded as a defence to an action for the price of the property. (McAdams v. Oates, 24 Mo. 223; Barrow v. Alexander, 27 Mo. 530.)

The answer in this case comes within the above rule, and the same was therefore improperly stricken out. Let the judgment of the Circuit Court be reversed, and the cause remanded, to be proceeded in, in conformity with this opinion.