Geo. C. Smalley, Plaintiff in Error, *v.* Edward Hale, Defendant in Error.

1. *Note—Fraud—Evidence.*—It is a good defence to a note that it was obtained by fraud and misrepresentation. On a question of fraud, the evidence may embrace all the facts and circumstances which go to make up the transaction, disclose its true character, and explain the acts and intentions of the parties.

*Error to St. Louis Court of Common Pleas.*

*Glover & Shepley,* for plaintiff in error.

*Knox & Smith,* for defendant in error.

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon promissory notes. The defence relied upon on the trial was that the notes had been obtained by fraud and misrepresentation. The instructions which were given on either side placed the case before the jury on this defence alone. The evidence furnished an ample basis for such instructions. On the part of the defendant the jury was told in effect that if the payee obtained the notes from the defendant by means of false representations which induced him to execute the notes, or by knowingly concealing material and substantial facts, unknown to the defendant, which, if they had been known to him, would have prevented him from giving the notes, they would find for the defendant ; and that the transfer of the notes by the payee did not prevent the defendant from setting up his defence against the plaintiff. And on the part of the plaintiff, the jury were instructed that if the notes were made in consideration of 300 shares of Ætna mining stock, without any concealment or misrepresentation of material facts, they would find for the plaintiff, whether the stock was of any value or not. The effect of these instructions, taken together, was that if the notes had been obtained by fraud, either in making false representations, (*suggestio falsi,*) or in fraudulently concealing material facts, (*suppressio veri,*) the defence was good, otherwise not. The matter of fact which the jury was to determine was thus clearly and definitely laid before the jury under correct rules of law governing that issue. (Montgomery v. Tipton, 1 Mo. 496 ; Buford v. Byrd, 8 Mo. 240 ; Casey v. Smales, 4 Mo. 77 ; McAdams v. Oates, 24 Mo. 223 ; Barron v. Alexander, 27 Mo. 530 ; Fleming v. Slocum, 18 J. R. 403 ; Edwds. Bills, 326.)

Some of the instructions which were refused for the plain-

tiff may have contained correct propositions of law upon the facts supposed in them, but in the issue of fact upon which the case was submitted to the jury, they were immaterial, and need not be particularly noticed here.

The plaintiff objected to the admission of certain parts of the evidence relating to the conduct of the payee; the conditions and affairs of the Ætna Mining Company; the insolvency of the payee, the company, and the plaintiff, and to the general history of the transaction. On a question of fraud of this nature the evidence must necessarily take a pretty wide range, and may embrace all those facts and circumstances which go to make up the transaction, disclose its true character, explain the acts of the parties, and throw light on their objects and intentions. We have not discovered any material error in the ruling of the court on these matters.

The jury having found for the defendant, on evidence which may reasonably have produced a conviction in their minds of the truth of the facts involved in the defence of fraud in obtaining the notes, the verdict must be allowed to stand.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.