JOPLIN WATER COMPANY, Respondent, v. M. BATHE, Appellant.

Kansas City Court of Appeals, May 12, 1890.

1.  **Sales:** FRAUDULENT CONCEALMENT OF LATENT DEFECT : WARRANTY : RESCISSION. The evidence showed that plaintiff had gathered and packed and sold to defendant the ice for the purchase price of which this suit was brought, and it must have known its quality; that it knew defendant bought for the usual purposes of patrons of the retail trade ; that the ice was so packed as to prevent the defendant's learning its quality by inspection. *Held*—

    (1) That defects, if they materially affected the ice for the purpose of its purchase, and were unknown to the defendant, should have been disclosed to him by the plaintiff, and this, though defendant may have sought and gotten information from third parties.

    (2) That it was not a necessary prerequisite to the maintenance of his defense to show an express warranty.

    (3) Nor will the fact that he failed to rescind the contract bar his defense.

2.  **Damages :** MEASURE OF. The measure of damages, in case like this, would ordinarily be the difference in the value of the ice as it actually was and what it would have been worth, if of merchantable quality ; but, if it appear defendant sold the ice for the same price he would have received for a merchantable quality, he would be entitled to no damage ; yet, if the inferior quality caused any loss or extra waste or expense, such matters enter into the damages.

*Appeal from the Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

REVERSED AND REMANDED.

Statement by the court.

This is an action brought by plaintiff against defendant to recover the principal and interest of two promissory notes given by defendant to plaintiff in payment for a lot of ice purchased by defendant from plaintiff. Defendant filed an answer containing three counts :

The *first* was a general denial except that it admitted the signing of the two notes sued on.

*Second.* A counter-claim averring that on the —— day . of ——, 1888, plaintiff came to defendant and .fraudulently designing and intending to cheat and defraud defendant, falsely represented to defendant, that plaintiff had an icehouse filled with ice, free from all dirt or foreign substances of any kind. And that the same would be the best ice in the market, in Joplin, for the season of 1888. That said ice was stored in an icehouse and so covered with sawdust, and packed and covered in such a manner, that it was impossible for defendant to examine the same, to learn its quality, or determine whether or not said statements were, or were not, true. That said ice had been packed by the agents and servants of plaintiff, and plaintiff was in a position to know the quality and condition of said ice. That said ice was not the best ice in the market in Joplin, Missouri, during the season of 1888, but was impure, dirty, full of moss and other impurities. That defendant, relying upon such false representations, and believing them to be true, and not knowing of its bad and worthless quality, purchased the ice from plaintiff, for the sum of twelve hundred and forty dollars, and gave the two notes sued on as part payment for said ice. That defendant had paid plaintiff the sum of nine hundred and fifty-five dollars on the purchase price of the ice. That defendant bought the ice as an article of merchandise, to retail in the Joplin market, and that plaintiff well knew this fact when he sold it to defendant. That, by reason of its quality and condition, the ice was worthless as an article of merchandise, or for any purpose, by reason of which the notes sued on were without consideration and void. Defendant prayed that the notes be declared without consideration and void, and asked judgment for the sum of nine hundred and fifty-five dollars, paid on the purchase price of the

*Third.* A counter-claim averring that, in 1888, defendant purchased from plaintiff a lot of ice packed and stored in an icehouse. That the two notes sued on were given in part payment for the ice. That defendant bought the ice to sell at retail, a fact which plaintiff well knew at the time of the sale. That the ice was dirty, impure and worthless, for any and all purposes. That plaintiff knew, at and before the said sale, of its impure and worthless condition, and that defendant did not know, at or before said sale, of its worthless and impure quality, and plaintiff knew, at and before the sale, that defendant believed the ice to be pure and good, and plaintiff, knowing that defendant labored under such belief, did not, at or before the sale, disclose to defendant its impure and worthless quality, but concealed such impure and worthless condition from defendant. And for this reason, the two notes sued on are without consideration and void, that defendant paid nine hundred and fifty-five dollars to plaintiff on the purchase price of the ice, but that he made such payments before he fully knew the worthless condition of the ice, or how much he would be damaged thereby, and made the payments under protest, and on the assurance of plaintiff that the bottom would be better than the top had been, and prayed judgment for nine hundred and fifty-five dollars.

*C. H. Montgomery*, for appellant.

(1) Instruction number 3 on behalf of the plaintiff should not have been given because a jury might well infer from it, that any reliance on information which the court assumed defendant had obtained from witness Simpson would defeat a recovery, notwithstanding plaintiff might also have relied on representations made by plaintiff. *Cahn v. Reid*, 18 Mo. 115 ; *Jones v. Jones*, 57 Mo. 138; *Spohn v. Railroad*, 87 Mo. 74; *Bank v. Currie*, 44 Mo. 91 ; *Meyer v. Railroad*, 45 Mo.

137. (2) Instruction number 1, asked by and on behalf of defendant, should have been given. It is the law; it was properly pleaded, and it was supported by ample testimony. Where there is any evidence at all to support a defense, it will furnish a basis for an instruction, and to refuse such instruction under such circumstances would be error. *Maupin v. Lead Co.,* 78 Mo. 26, 27. When a vendor sells property having a latent defect of which he is aware, but fails to disclose to the vendee, knowing that the latter is acting upon the supposition no such defect exists, he is guilty of a fraud, and the fraud may be pleaded as a defense to any action for the price of the property. *Cecil v. Spurger,* 32 Mo. 462; *McAdams v. Cates,* 24 Mo. 223; *Grigsby v. Stapleton,* 94 Mo. 423. It is not necessary that there should be any warranty or representations to entitle plaintiff to recover. *Grigsby v. Stapleton,* 94 Mo. 423; *Merriam v. Field,* 39 Wis. 578. And the fact that he did not rescind the contract does not prevent him from making his defense. *Parker v. Marquis,* 64 Mo. 38.

*L. P. Cunningham,* for respondent.

(1) "A misrepresentation to be fraudulent must be as to a material fact or facts; must be false; must be relied upon by the one to whom it is made; must constitute an inducement to enter into the transaction; must work injury or result directly in damages to the party relying thereon." Thompson on Trials, sec. 1980, p. 1426; 3 Wait's Act. & Def. sec. 9, p. 440; *Brownlee v. Hewitt,* 1 Mo. App. 360; *Wannell v. Kemm,* 57 Mo. 487; *Baily v. Smock,* 61 Mo. 213; 3 Wait's A. & D., sec. 7, 438; *Dunn v. White,* 63 Mo. 181; *Delaney v. Rogers,* 64 Mo. 201. Simple affirmation of soundness or an opinion does not amount to a fraud. Kerr on Fraud and Mistake [Am. Ed.] pp. 82-85; note 5, p. 53; *Lindsay v. Dorris,* 30 Mo. 406; 3 Wait's Act. & Def., p. 441.

The Joplin Water Co. v. Bathe.

The evidence does not disclose any concealment of facts on the part of the water company. Kerr on Fraud & Mistake [ Am. Ed.] p. 57. Even if Conner was better acquainted with the ice and knew it to contain defects, he was not obliged to disclose them. *Stewart v. Dugin*, 4 Mo. 245 ; *Jillet v. Bank*, 56 Mo. 304 ; 3 Wait's Act. & Def., p. 433, sec. 3. ( 3 ) Even if erroneous instructions are given, if the verdict be the only one that could have been found consistent with the evidence the judgment will be affirmed. *Fitzgerald v. Barker*, 96 Mo. 661 ; *Bassett v. Glover*, 31 Mo. App. 150 ; *Blesse v. Blackburn*, 31 Mo. App. 264 ; *Fairbanks v. Long*, 91 Mo. 635 ; *Valle v. Pickton*, 91 Mo. 207 ; *Cooksey v. Crooks*, 23 Mo. App. 463 ; 3 Wait's Act. & Def. 435, 440, 441, 446 ; *Bank v. Hunt*, 7 Mo. App. 42 ; *Reed v. Ewing*, 4 Mo. App. 569 ; *Noething v. Wright*, 72 Ill. 390 ; *Livingston v. Strong*, 107 Ill. 295 ; *Rumbolds v. Parr*, 51 Mo. 592 ; *Chapman v. McIlroth*, 77 Mo. 38 ; Sacket, Ins. to Juries [ 2 Ed.] sec. 16, p. 237 ; *Ward v. Borkenhagen*, 50 Miss. 459. ( 4 ) ''That mere silence or failure to communicate facts within the seller's knowledge is not such a fraud as will avoid a contract. To have this effect, there must be some concealment as by withholding information when asked or using some trick or device to mislead the purchaser." *Kohl v. Lindley*, 39 Ill. 195 ; Kerr on Fraud and Mistake [ Am. Ed.] p. 75 ; *Eams v. Morgan*, 37 Ill. 260.

ELLISON, J.—The testimony tended to prove the allegations of the answer as to the impure quality of the ice. It further showed that defendant had paid all the other notes but those sued upon. It also tended to show that the fact of the ice being packed prevented defendant from learning its quality by an inspection. The court instructed the jury to find for plaintiff unless he made false representations to the defendant as to the quality of the ice. This was improper. There was

evidence tending to prove that plaintiff had knowledge of the impure quality of the ice. It being so situated that defendant could not discover such defect, it became plaintiff's duty to disclose it, and his failure to do so was a fraudulent concealment of a latent defect. The case shows that plaintiff knew that defendant was purchasing the ice as a retail dealer for the purpose of retailing to purchasers in quantities which might be needed and for the usual purposes of patrons of the retail trade ; the suppression, therefore, of a fact which made the ice unfit for such purpose was a deceit. *Grigsby v. Stapleton*, 94 Mo. 423. The evidence showed that plaintiff had gathered and packed the ice and must have known its quality. The defects shown, if they materially affected it for the purpose of its purchase, and were unknown to defendant, should have been disclosed to him by plaintiff. Fair dealing required this. And this is true, notwithstanding the fact defendant may have sought and gotten information from third parties. For, however much he may have endeavored to learn the quality and condition of the property, it was plaintiff's duty not to take advantage of his failure. In other words, it was an obligation resting on plaintiff, founded on law and morals, to disclose to defendant any hidden matter which materially affected the property. This case does not belong to that class of cases where one party places no reliance on the representations of the other. Nor is it a necessary prerequisite that an express warranty be shown. Nor will the fact that defendant failed to rescind the contract, but sold out the ice, bar him of his defense ; he has his option to rescind the contract or stand on it and recover damages. *Parker v. Marquis*, 64 Mo. 38; *Cahn v. Reid*, 18 Mo. App. 115.

The measure of defendant's damages, ordinarily, would be the difference in the value of the ice as it actually was and what it would have been worth if it

had been of good merchantable quality. But as it appears that defendant has sold it out, if he received the same prices which he would have received for that of a merchantable quality, he would not be entitled to any damage, for the single reason that no damage resulted. If, however, the inferior quality caused extra waste or loss or imposed extra expense in its sale, such matters should be taken into consideration.

These remarks are a sufficient disposition of the objections to instructions which have been urged before us and will indicate the view we entertain of the case. We might remark in addition that on a retrial the court should be careful to avoid an apparent assumption of the disputed points of the cause, and thus avoid the criticism of counsel made for that reason. The judgment is reversed and the cause remanded. All concur.