J. R. EDWARDS, Extr., Appellant, v. HENRY M. NOEL, Respondent.

St. Louis Court of Appeals, April 9, 1901.

1. **Action for Deceit:** FRAUDULENT MISREPRESENTATION: PLEADING: EVIDENCE. In order to recover in an action at law for deceit or fraudulent misrepresentation, it is necessary to allege and prove, first, that the representations were false; second, that they were known to be false when made, or, what is tantamount to such knowledge, that they were made as of his own knowledge by the utterer when in fact he had neither any knowledge on the subject,

Edwards v. Noel.

nor any reasonable grounds to believe the representations so made to be true; third, that plaintiff had a right to and did rely upon the truth of such representations, and suffered damages and loss by reason of their falsity.

2. ———: ———: BREACH OF WARRANTY: FRAUD: SALE OF PERSONAL PROPERTY. Breach of warranty or fraud in the sale of personal property is ground of rescission, but the vendee is not compelled to rescind for either of these causes, for both warranty and fraud will survive an acceptance of the goods.

3. ———: ———: ———. In the case at bar, although the written terms of sale of the Lindell Hotel bond were accepted by plaintiff two days before·the delivery of the bond itself accompanied by a draft for its purchase price, still the plaintiff had the right, upon the receipt of the bond, to inspect it, and if it disclosed any material misrepresentation upon the part of defendant in effecting the sale, the plaintiff might have refused to pay for the bond and returned it, thus rescinding the sale.

4. ———: ———: ———. He was not bound, however, to take that course, for it was equally permissible for him to have accepted the bond, paying the price therefor, and if a subsequent inspection of the bond disclosed that he had been led into the contract by means of a false representation of a fact material to its formation, he would still be entitled to an action for any damages caused by such deceit.

5. Perpetual Lease, Meaning of Terms: COVENANT FOR RE-·NEWAL OF LEASE. The terms "perpetual lease" can only mean one for years wherein the lessee has the covenant of the lessor for perpetual renewals.

6. ———: ———: ———: NINETY-NINE YEAR LEASE. And the terms "perpetual lease" are wholly inapplicable to a mere lease for ninety-nine years.

7. Statute of Limitations: FRAUD, DISCOVERY OF. In the case at bar, it is sufficient to say as to the statute of limitations, that according to the testimony of the plaintiff, he only discovered the fraud and misrepresentations of the defendant about one year previous to the trial of the case.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED AND REMANDED.

STATEMENT OF THE CASE.

On the sixteenth day of May, 1893, the defendant, who is a broker living in St. Louis, addressed a letter to plaintiff, who lived at Jefferson City, Missouri, offering for sale certain bonds of the denomination of one thousand dollars each, described in the letter, and stated therein to be "secured upon the Lindell Hotel building in St. Louis, and a perpetual lease upon the ground at a rental of $27,500 per annum." The letter stated that this security was afforded by a deed of trust. Plaintiff accepted the proposal thus submitted by defendant, and wired, and wrote him on the next day to send "$1,500 in Lindell Hotel bonds, as per your letter of the sixteenth." Whereupon, defendant forwarded to plaintiff a Lindell Hotel bond for one thousand dollars and a different bond for five hundred dollars, explaining that the former bonds were all of the denomination of one thousand dollars each. Accompanying this transmission of bonds, was a draft upon plaintiff for $1,517.08, which plaintiff paid, and received the bonds.

The evidence showed that after a few payments of interest on the one thousand dollar Lindell Hotel bond thus purchased by plaintiff, it became valueless, by reason of the foreclosure of a leasehold interest for ninety-nine years in and to the real estate and improvements thereon contained (being the lot whereon said hotel was situated in St. Louis), at which foreclosure sale only enough was realized to pay the expenses incurred in executing the trust. The evidence showed that this was the only security existing for a hundred bonds, including that sold to plaintiff, and of like tenor and amount, executed by the lessee of said leasehold. The evidence tended to show that in all these matters, the plaintiff was acting for his father and used the money of his father in paying for said bonds; that at the time of the purchase of the said Lindell Hotel bond, he knew

nothing whatever of the security existing for its payment, further than was stated in defendant's letter, and that, solely in reliance upon the truthfulness of that statement, he purchased the bond, and made no further investigation as to said bond. Plaintiff stated that he did not even read the bond when it was sent to him about two days after he agreed to purchase it, since he relied wholly upon the statement as to it, contained in defendant's letter offering it for sale, and did not learn the real facts as to the security therefor until about one year before this trial.

Plaintiff, who is the executor of his father's estate, alleged the foregoing matters as ground of an action for fraudulent misrepresentation.

Defendant answered, first, by a general denial. Second, admitting the sale of the bond to plaintiff, averring that it was secured by a deed of trust for a leasehold term of ninety-nine years, and was worth its face value when sold; that plaintiff collected two semiannual interest notes thereon and made no complaint for more than one year after his purchase of any misrepresentations by defendant, nor proffered the return of the bond during this period, after which the makers became insolvent; all of which was pleaded as an estoppel against this suit. Third, a plea of the statute of limitations of five years since the accrual of plaintiff's cause of action, and fourth, a former adjudication in favor of defendant in a prior suit for an alleged guarantee of the bond.

The court peremptorily directed a verdict for defendant from which plaintiff appealed.

*Geo. L. Edwards* for appellant.

(1) "Before a court is authorized to sustain a demurrer to the evidence because of its insufficiency, it must appear that,

admitting all the evidence introduced by the plaintiff to be absolutely true, and giving him the benefit of every reasonable inference to be deduced therefrom, he is not entitled to recover." Baird v. Railroad, 146 Mo. loc. cit. 281.    (2) If the letter of defendant to plaintiff of date May 16, 1893, offering for sale the bond in question, was susceptible of different constructions or inferences, it was the prerogative of the jury to interpret such letter, and their duty to determine the inferences of fact to be drawn therefrom.    Mantz v. Maguire, 52 Mo. App. 136; Bass v. Jacobs, 63 Mo. App. 396; Young v. Stephens, 66 Mo. 222; Primm v. Haren, 27 Mo. 205; Chapman v. Railroad, 146 Mo. loc. cit. 492.

*T. K. Skinker* and *C. R. Skinker* for respondent.

(1) There was no evidence of fraud to entitle the plaintiff to go to the jury.    (a) Because defendant's statement was not shown to be false.    2 Black. Com., p. 317; Tiedeman on Real Property, sec. 772; Bouvier Law Dict., tit. "Lease;" Woodfall, Land. and Ten., chap. 1, par. 1; Jackson v. Harsen, 7 Cowen, 326; Century Dictionary, tit. "Perpetual;" Pocock v. Bishop of London, 3 Brod., and B., 27.    (b) Because defendant's statement was not shown to have been made with intent to deceive.    Tootle v. Lysaght, 65 Mo. App. 139; Koontz v. Kaufman, 31 Mo. App. 379, 415; McBeth v. Craddock, 28 Mo. App. 380; Dunn v. White, 63 Mo. 181.    (2) The plaintiff having received the bond into his own possession at the time of paying for it, can not now claim to have been defrauded by defendant's statement.    Benjamin on Sales (4 Am. Ed. Bennett), sec. 701; Stephens v. McKay, 40 Mo. 224; Black River Lumber Co. v. Warner, 93 Mo. 386; Graff v. Foster, 67 Mo. 520; 3 Parsons on Contracts, p. 47; Dunn v. White, 63 Mo. 181; Pease v. Copp, 67 Barb. 132.

BOND, J.—In order to recover in an action at law for deceit or fraudulent misrepresentations, it is necessary to allege and prove, first, that the representations were false; second, that they were known to be false when made, or, what is tantamount to such knowledge, that they were made as of his own knowledge by the utterer, when in fact he had neither any knowledge on the subject, nor any reasonable grounds to believe the representations so made to be true; third, that the plaintiff had a right to, and did rely upon the truth of such representations, and suffered damage and loss by reason of their falsity. Paretti v. Rebenack, 81 Mo. App. loc. cit. 498, and cases cited; Hamlin v. Abell, 120 Mo. 188.

Breach of warranty or fraud in the sale of personal property is ground of rescission, but the vendee is not compelled to rescind for either of these causes, for both warranty and fraud will survive an acceptance of the goods. In the case of breach of warranty, the vendee, although he has accepted the thing sold with knowledge that it does not fulfill the warranty of the vendor, yet hath still that covenant on which to rely and this covenant being one which is collateral to the contract of sale, is not waived merely by an acceptance of the thing purchased. So, likewise, a defrauded vendee of personal property may sue for the damages thus caused, although he has accepted the thing sold and retained it after knowledge of the fraud of the vendor. Robinson v. Siple, 129 Mo. loc. cit. 222; Miller v. Crigler, 83 Mo. App. loc. cit. 401; Shinnabarger v. Shelton & Lane, 41 Mo. App. 155; Nauman v. Oberle, 90 Mo. loc. cit. 670.

In the case at bar, although the written terms of sale of the Lindell Hotel bond were accepted by plaintiff two days before the delivery of the bond itself, accompanied by a draft for its purchase price, still the plaintiff had the right, upon the receipt of the bond, to inspect it and if it disclosed any material misrepresentation upon the part of the defendant in effecting

the sale, the plaintiff might have refused to pay for the bond and returned it, thus rescinding the sale. He was not bound, however, to take that course, for it was equally permissible for him to have accepted the bond, paying the price therefor, and if a subsequent inspection of the bond disclosed that he had been led into the contract by means of a false representation of a fact material to its formation, he would still be entitled to an action for any damages caused by such deceit.

The first question, therefore, is whether in the sale of the bond, such material misrepresentation was made by defendant and relied upon by plaintiff to his damage? This necessarily involves an inquiry as to the truth of the representation contained in the letter of defendant as to the security existing for the payment of the bond at the time he offered it for sale to plaintiff. As has been seen, the representation in substance was that the bond was secured by a deed of trust conveying a perpetual lease upon the ground whereon the hotel was situated at an annual rental of $27,500. The actual fact was that there was only a deed of trust conveying a lease upon the ground for the same rental for a term of ninety-nine years. Unless, therefore, such a lease was a perpetual one as understood in the law, the representation of defendant to that effect was untrue. A lease is a contract for the possession and profits of land and tenements, either for life or a certain term of years, or during the pleasure of the parties. Bouvier's Law Dictionary. To the above definition, some of the text writers have annexed the qualification of a reversion being left in the party from whom the grant or assurance proceeds. As to the latter requirement, however, there is some conflict in the English cases. 1 Platt on Leases, p. 18. The right of the lessee to enforce a covenant for perpetual renewals, is now an established doctrine in the English courts. 1 Platt on Leases, p. 708. In the application of these principles, the

term "perpetual lease" can only mean one for years wherein the lessee has the covenant of the lessor for perpetual renewals. Such a covenant does not offend the rule against perpetuities, provided its entire control is in the hands of a person who has a *vested* interest under the lease. On the other hand, if the covenant for perpetual renewals does not lie with a person whose interest has *vested* under the lease, but is subject to a condition precedent, which may not happen within the time (twenty-one years or some life in being), prescribed by the rule against perpetuities, it is a bad limitation or void. Gray on the Rule Against Perpetuities, sec. 230, and cases cited.

An analogue to the estates created in England by a lease with a covenant for perpetual renewal exists in this State and in the United States, and is termed a fee farm rent, as to which our Supreme Court has said, speaking by Judge Scott: "A fee farm rent is where the rent is created by deed and the fee is granted. Whatever may be thought of this matter elsewhere, such reservations are upheld in the United States." Alexander v. Warrance, 17 Mo. loc. cit. 231. While the terms "perpetual lease" used by the defendant would justly describe either a lease for years with a covenant for perpetual renewals as is upheld in English courts, or a fee farm rent as defined by our Supreme Court, yet the terms in question are wholly inapplicable to a mere lease for ninety-nine years, for that does not satisfy their obvious import. It follows that the description of the security for the bond sold by defendant, contained in his letter to plaintiff, was contrary to the fact. If he made this representation with knowledge of its untruth, or without reasonable grounds to believe it to be true, in either event, a sufficient basis was laid for the inference of a guilty motive necessary to sustain the present action. There was abundant evidence tending to prove that the plaintiff's reliance upon this misrepresentation of defendant, was the induc-

ing motive to his purchase and that it wrought a substantial loss to plaintiff. In view of the further proof tending to establish the elements necessary to a recovery in this action, the trial court should have permitted the case to go to the jury, unless there was evidence establishing the other defenses of a former adjudication, or of the statute of limitations. Neither of these defenses was sustained by the record. The former suit was one for an alleged breach of contract of guaranty simply; it did not in any way embrace the issues essential to a recovery in the present action. As to the statute of limitations, it is sufficient to say, according to the testimony of the plaintiff, he only discovered the fraud and misrepresentations of the defendant about one year previous to the trial of this suit.

For the error of the learned circuit judge in giving a peremptory instruction in this case, the judgment herein is reversed and the cause remanded. Judge *Goode* concurs; Judge *Bland* dissents, because he thinks there was no substantial evidence of fraudulent misrepresentation by defendant, and that the court did not err in taking the case from the jury.