CHARLES J. GREENSTREET, Appellant, v. CHARLES F. WALSCH, Respondent.

Kansas City Court of Appeals, May 24, 1915.

1. CONTRACTS: Fraud and Deceit: Rescission: Reliance. Plaintiff purchased mining property of defendant. His agent conducted the negotiations with defendant. This agent was a mining expert. Plaintiff claimed the right to rescind because of false and fraudulent representations. The evidence showed that plaintiff's agent did not rely upon such representations and stated he did not take them seriously. It was *held* that no right of action accrued.

2. ———: ———: Promptness: Discovery of Fraud: Delay. A party claiming to be defrauded in the purchase of a mining lease, should promptly offer to rescind upon discovering any material part of the fraud; and that delay after discovering the fraud is fatal to a right of action for rescission.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

AFFIRMED.

*Montgomery & Montgomery* and *Chas. E. Yeater* for appellant.

(1) A party to a contract is not required to give notice of rescission *instanter* or immediately upon the discovery of a fraud but may do so within a reasonable time.   Althoff v. Transit Co., 204 Mo. 170; Long v. Machine Co., 158 Mo. App. 665; Publishing Co. v. Hull, 81 Mo. App. 280; Manley v. Crescent Novelty Co., 103 Mo. App. 140.   (2) The trial court erred in finding for the defendant on the ground that the plaintiff was guilty of *laches* in rescinding the contract. Burger v. Boardman, 254 Mo. 257; Alger v. Keith, 105 Fed. 120; Lindsay Petroleum Co. v. Hurd, 5 P. C. 221, 240; Clough v. Railroad, L. R., 7 Exch. 26, 35; Pence v. Langdon, 99 U. S. 581; Walling v. Thomas, 133 Ala. 426; Connell v. Crane, 113 Mich. 460.

*C. C. Kelly* and *James T. Montgomery* for respondent.

(1) To entitle a person to relief or redress because of a false representation, it is well settled that it is not enough to show merely that it was material, that it was known to be false, that it was made with intent to deceive, but it also must be shown that it actually did mislead and deceive, or in other words that it was relied upon by the party complaining.   This is true whether the false representations be made the ground for an action for deceit or ground for recission of a contract and it is true in equity as well as at law.   2 Pomeroy's Equity (2 Ed.), sec. 876; Edwards v. Noel, 88 Mo. App. 434.   (2) In order to sustain an action based on fraudulent misrepresentations it must be shown that the party making them believed and had good reason to believe at the time, that they were false or intended to convey the impression that he had ac-

tual knowledge of their truth where as he was aware in fact he had no such knowledge, and it must appear that the other party relied upon and was deceived by them to his injury. Dunlaney et al. v. Rogers et al., 64 Mo. 201. (3) If a party who has the means of information at hand made the assertion that he relied on the statement of another, the burden is on him to establish the statement, for the law presumes that he who can see for himself, if he will but look, does not look and find out for himself, and if he asserts to the contrary, he cannot prevail without overcoming the presumption thus arising. Anderson v. McPike, 86 Mo. 294. (4) Fraud is not established, and relief will not, in general, be granted without proof, that the party who made the false representations knew at the time, it was false. The law raises no presumption of knowledge from the mere fact that the representation is false. Anderson v. McPike, 86 Mo. 300; Walch v. Morse, 80 Mo. 568; Edwards v. Noel, 88 Mo. App. 434. (5) The rule is well settled that upon the discovery of the fraud by the defrauded party he is put to his election either to stand upon the contract or rescind it. Watson Fireproof Window Co. v. Cornice Co., 168 S. W. 905; Taylor v. Short, 107 Mo. 392; Harms v. Wolf, 114 Mo. App. 387; Meinershagen v. Taylor, 169 Mo. App. 13.

ELLISON, P. J.—Plaintiff filed a bill in equity in the circuit court of Pettis county to rescind a contract of purchase of a mining lease on the ground of fraud in the sale.

The contract was in the nature of an option to be exercised by plaintiff as vendee on or before the expiration of two years from July 30, 1913, the date of purchase. The price was $30,000 of which $500 was in cash, $500 in thirty days, an expenditure of $1500 in sixty days in improvements and $200 per month thereafter.

The fraudulent representations alleged to have been made by defendant consisted in "salting the dirt" mainly by washing the earth from the ore, thus leaving an appearance of an untrue proportion of pure ore; by representing that the dirt taken from the mine showed by test a proportion of seven or eight per cent of ore to the ton; that seventeen drill holes showed good ore and that he had taken out of the mine $35,000 worth of ore. It will be noted that no claim is made under the contractual right to throw up the contract under the option.

Plaintiff alleges that "early in the month of November, 1913, he learned that some of these representations" made to him by defendant "were false and he thereupon began making an investigation for the purpose of ascertaining whether the others of said representations were true or false, and about the 13th of November, he learned that all of the representations were false; that accordingly he notified defendant on November 14, 1913, that he would on November 15, 1913, redeliver the possession of the mine," etc., and that he did surrender it. The damages alleged by reason of the fraud alleged to have been practiced were $4819, consisting of payments made to defendant and expenditures in and about operating the mine.

It appears that the negotiations for the contract and the examination in plaintiff's behalf were made by a man named Brooks, who acted as his agent. Brooks was an expert miner of long and varied experience. In presenting the case here, plaintiff seeks to avoid the consequence of Brooks' agency in his behalf by a statement that he really was defendant's agent. But the facts show the contrary; and, besides, it is affirmatively alleged by plaintiff in his petition that Brooks was his agent and acted for him. There was evidence tending to show that representations were made to Brooks, which if deceptive and relied upon, might well have been considered sufficient to justify plaintiff in

demanding a rescission. But it clearly appears that none of these deceived Brooks. The washing of dirt so as to expose ore was not done with a deceptive and fraudulent purpose for the reason that it was apparent to an ordinary observer, and, of course, especially so to an expert. The representations that certain drill holes showed certain character of ore, were shown not to have been relied upon by plaintiff or Brooks. That the representations made to Brooks were not relied upon by him is made apparent from his own testimony. In fact he testified that he did not consider it a mine but only "a prospect," and that "maybe a mine could be made out of it." Other parts of his testimony must be accepted as an acknowledgment that he acted on his own judgment and that he did not accept "seriously" the statements made to him. If we except from this statement the representation said to have been made that the dirt taken from the mine did and would produce seven or eight per cent ore, plaintiff's position would not be aided. For the circumstances considered, Brooks could not have placed any reliance on such manifest exaggeration. Applying the rule that an attempt to fraudulently deceive must be so far successful as to have induced belief and reliance on the part of the person claiming to be injured, we find that plaintiff's case failed. [2 Pomeroy Equity, sec. 876; Dulany v. Rogers, 64 Mo. 201; Edwards v. Noel, 88 Mo. App. 434.]

But aside from the foregoing views, the entire record shows that plaintiff became aware of the failure of the property in principal particulars to come up to the representations he says he relied upon and yet he continued in its ownership and use. It is altogether unreasonable to suppose that he could not have ascertained the falsity of the representations made until a space of three months had elapsed. It may be that he did not, at first, discover all the particulars of what he terms the fraud practiced upon him, but manifestly, he did know of its material parts and yet elected to

stand by the contract.   It was his duty to act promptly on first discovering the fraud; otherwise he cannot rescind.   [Taylor v. Short, 107 Mo. 384, 392; Cahn v. Reid, 18 Mo. App. 115, 123; Long v. Vending M. Co., 158 Mo. App. 662; Harms v. Wolf, 114 Mo. App. 387; Meinershangen v. Taylor, 169 Mo. App. 13; Watson Window Co. v. Weiss Cornice Co., 181 Mo. App. 318.] The evidence in this case clearly distinguishes it from that of Glass v. Templeton, 184 Mo. App. 532, 539, 540.

We think the trial court rendered the proper judgment and it is affirmed.   All concur.